Harry Inukai v. Commissioner. David Fixler v. Commissioner.
Inukai v. Commissioner
Docket Nos. 52773 and 52843.
United States Tax Court
T.C. Memo 1956-51; 1956 Tax Ct. Memo LEXIS 250; 15 T.C.M. (CCH) 214; T.C.M. (RIA) 56051; February 29, 1956
*250 Petitioner David Fixler operated a tobacco shop and a handbook in 1947 and 1948. In 1949 he, Harry Inukai, and another operated the tobacco shop and a bookmaking business, as a partnership. Fixler filed no returns in 1947 and 1948. Respondent determined that he received $3,000 of income in 1947 and 1948 and $3,500 in 1949 in addition to his share of partnership income. Respondent also determined that the amount of pay-outs on bets was less than that claimed by the partnership and that there were deficiencies due from each petitioner for the year 1949. No cause was shown excusing petitioner Fixler's failure to file returns in 1947 and 1948 or declarations of estimated tax during all of the years in issue, nor for petitioner Inukai's failure to file a declaration of estimated tax in 1949. Held, respondent's determination of deficiencies for all years in issue for both petitioners was not arbitrary and, since not rebutted by credible evidence, is sustained. Held, further, additions determined under sections 291(a), 294(d)(1)(A), and 294(d)(2), and the additions under section 293(a) for negligence, sustained. Harry Inukai, 7410 Trenton Avenue, University City, Mo., pro se, and David Fixler, 1339a Montclair Street, St. Louis, Mo., pro se. Melvin A. Bruck, Esq., and Ray H. Garrison, Esq., for the respondent. RICE
Memorandum Findings of Fact and Opinion These consolidated proceedings involve the following deficiencies in income tax and additions to tax determined by the respondent under the provisions of the 1939 Code: Harry Inukai - Docket No. 52773
Income Tax
Additions to Tax under
Year
Deficiency
Sec. 293(a)
Sec. 294(d)(1)(A)
Sec. 294(d)(2)
1949
$10,578.52
$528.93
$1,057.85
$634.71
David Fixler - Docket No. 52843
Income Tax
Additions to Tax under
Year
Deficiency
Sec. 293(a)
Sec. 291(a)
Sec. 294(d)(1)(A)
Sec. 294(d)(2)
1947
$ 427.00
$ 21.35
$106.75
$ 42.70
$ 25.62
1948
356.00
17.80
89.00
35.60
21.36
1949
12,488.12
624.41
1,248.81
749.29
Totals
$13,271.12
$663.56
$195.75
$1,327.11
$796.27
*252 The issues to be decided are: (1) whether petitioners realized additional income from the operation of their bookmaking partnership during the year 1949 as determined by the respondent; (2) whether petitioner David Fixler realized $3,000 of income in 1947 and 1948 and $3,500 in 1949 in addition to his share of partnership income in that year; and (3) whether respondent properly imposed the additions to tax here in issue. Findings of Fact Petitioners were residents of St. Louis, Missouri, during the years in issue. They filed individual income tax returns for the year 1949, and a partnership information return for that year with the collector of internal revenue at St. Louis. During the years 1947 and 1948, David Fixler operated a bookmaking business and a tobacco shop in the City of St. Louis. In 1949, he, petitioner Harry Inukai, and one William Hadzick operated the tobacco shop and a handbook in the rear of the shop, as a partnership. The partnership took bets on baseball, football, and basketball, but took no bets on horse races. Petitioners, personally, maintained no books for their partnership, but employed an accountant who once a month would stop by the shop and pick *253 up a slip of paper on which one of the partners would have written the receipts and expenses of the tobacco shop and the total take and payouts of the bookmaking operation for the month. The original betting tickets were kept for two or three weeks and then destroyed. The accountant was never furnished such tickets. The records which the accountant maintained showed a total amount bet in 1949 of $1,869,079.46 and total pay-outs of $1,859,105.95. The partnership reported the difference in such total bets and pay-outs of $9,973.51 as its income for 1949 and, after deducting expenses, reported a net profit for the year of $1,754.03 for the tobacco shop and a net loss on the gambling operation. Petitioners reported their one-third share of such profits on their returns. In determining the deficiencies herein for 1949, the respondent disallowed $90,000 of the total amount claimed as pay-outs. The respondent had no records showing that petitioner David Fixler filed returns or paid any tax for the years 1947 and 1948. The bookmaking partnership did not make pay-outs on winning bets in excess of $1,769,105.95 in 1949. David Fixler received, but failed to report, income of not less than *254 $3,000 in each of the years 1947 and 1948, and $3,500 in 1949 in addition to his share of partnership income in that year. Petitioner David Fixler's failure to file income tax returns for 1947 and 1948 and declarations of estimated tax for all years in issue was not due to reasonable cause. Petitioner Harry Inukai's failure to file a declaration of estimated tax in 1949 was not due to reasonable cause. The deficiencies determined by the respondent were due to petitioners' negligence. Opinion RICE, Judge: Petitioners were not represented by counsel at the hearing, but testified in their own behalf. Only petitioner Harry Inukai filed a brief. Appreciating, as we do, the handicap under which the petitioners thus placed themselves, the fact remains that the only evidence which they offered to rebut the respondent's determination was their vague and self-serving testimony that the deficiencies and penalties determined were wrong and that they did not realize income in 1949 in excess of that reported on their returns, and that David Fixler did not receive any taxable income in 1947 and 1948. We do not find the respondent's determination herein arbitrary on the basis of the record *255 before us. It was petitioners' responsibility to rebut his determination, which they did not do. They offered no credible evidence to substantiate the claimed amount of pay-outs, and the respondent's determination that such pay-outs did not exceed $1,769,105.95 is, accordingly, sustained. The accountant whom petitioners employed never saw the daily slips or betting sheets or any weekly summaries made therefrom, but was given only monthly totals of wins and pay-outs which the petitioners themselves had tabulated for him. The whereabouts of the third partner in the bookmaking operation, William Hadzick, was not known at the time of the hearing; and whether he could have produced any evidence to effectively rebut the respondent's determination, we do not know. The respondent's determination that petitioner David Fixler realized $3,000 of income during 1947 and 1948 and $3,500 in 1949, in addition to his share of partnership income in that year, was based on information to the effect that Fixler had withdrawn $10 a day for his personal use from the tobacco shop during all of the years in issue, and that his living expenses were not less than $3,000 in 1947 and 1948, and $3,500 in *256 1949. Petitioner Fixler filed no returns for 1947 and 1948 and reported only $584.67 of income in 1949. He offered no evidence to overcome the respondent's determination and it is, accordingly, sustained. We found as a fact that no cause was shown excusing Fixler's failure to file returns in 1947 and 1948, and declarations of estimated tax during all of the years in issue. We also found that no cause was shown excusing petitioner Harry Inukai's failure to file a declaration of estimated tax in 1949. Accordingly, respondent's determinations of additions under sections 291(a), 294(d)(1)(A), and 294(d)(2) are sustained. The deficiencies determined by him were due to petitioners' negligence and the additions under section 293(a) are sustained. Decisions will be entered for the respondent.